IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 08-00178-01-CR-W-ODS |
| AVERY L. SNELLING, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION TO ALLOW DEFENDANT TO WITHDRAW GUILTY PLEA

On October 13, 2009, I held a hearing to ascertain the status of Defendant's medication regimen after being found competent to stand trial. I find significant questions surround whether Defendant's May 12, 2009, guilty plea was valid and, therefore, recommend that the Court exercise it's discretion to allow Defendant to withdraw his guilty plea.

### *I. BACKGROUND*

An indictment was returned against Defendant on June 25, 2008, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 9, 2009, Defendant filed a motion for a judicial determination of metal competency (Doc. No. 17). On December 16, 2008, Defendant was found competent to stand trial (Doc. No. 30). Defendant entered a guilty plea to the Indictment on May 12, 2009, and sentencing was set for October 13, 2009 (Doc. No. 50).

On October 13, 2009, I held a hearing to discuss whether Defendant had been receiving his psychiatric medications. Defendant was present, represented by appointed counsel Dana Altieri. The government was represented by Assistant United States Attorney David Barnes. CCA

psychiatrist Dr. Linda McCandless testified via telephone; CCA Mental Health Coordinator Jeff Cowan testified live at the hearing.

## II. FINDINGS OF FACT

Based on the testimony of Dr. McCandless and Mr. Cowan and the docket in this case, I make the following findings of fact:

1. Upon Defendant's return to CCA from his competency evaluation in October of 2008, he reported paranoid thinking and visual and auditory hallucinations (Tr. at 5). Defendant was very guarded with Dr. McCandless (Tr. at 5). Dr. McCandless started Defendant on an anti-psychotic medication, Perphenazine, on October 22, 2008 (Tr. at 5).

2. Defendant took Perphenazine until mid-February of 2009 (Tr. at 5).

3. On March 4, 2009, Defendant signed a refusal of treatment (Tr. at 5).

4. On April 1, 2009, Defendant reported continued paranoia and auditory hallucinations (Tr. at 5). However, he stated he felt no different than when he was medicated (Tr. at 5).

5. Dr. McCandless saw Defendant on April 27, 2009, at which time Defendant appeared to be more paranoid (Tr. at 5). Dr. McCandless talked to Defendant about resuming medication; Defendant responded he would think about it (Tr. at 5).

6. On May 12, 2009, Defendant changed his plea to guilty (Doc. No. 50).

7. On May 26, 2009, Defendant signed a refusal of treatment (Tr. at 5).

8. Defendant still refused medication on July 20, 2009 (Tr. at 5). He told Dr. McCandless he would continue to think about resuming the medication regimen (Tr.

2

at 5).

9. On September 16, 2009, Defendant stated he was very paranoid and not doing well (Tr. at 6). He agreed to take a child dose of Risperdal (Tr. at 6). Dr. McCandless opined that such a low level was non-therapeutic (Tr. at 6).

10. On September 30, 2009, Defendant stated he felt no different (Tr. at 6). Dr. McCandless increased Defendant's Risperdal dosage to 1mg at Defendant's request (Tr. at 6). Dr. McCandless testified that this was still not a therapeutic amount (Tr. at 6).

### III. ANALYSIS

A defendant bears the burden of demonstrating he should be permitted to withdraw a guilty plea. United States v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001). If presented with a "'fair and just reason,'" the Court may permit a defendant to "withdraw a guilty plea after the court's acceptance of the plea, but before sentencing." United States v. Taylor, 515 F.3d 845, 851 (8th Cir. 2008)(quoting Fed. R. Crim. P. 11(d)(2)(B); United States v. Maxwell, 498 F.3d 799, 800 (8th Cir. 2007)). Due process prohibits a defendant who is mentally incompetent from making a valid guilty plea. United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006).

In this case, the evidence adduced at the October 13, 2009, hearing suggests that Defendant may not have been competent at the time he entered a guilty plea. Specifically, Defendant had not been taking his anti-psychotic medication for approximately three months. He was experiencing auditory hallucinations and becoming increasingly paranoid. Given these circumstances, it is not at all certain that Defendant's guilty plea was valid.

3

## IV.  CONCLUSION

Accordingly, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order allowing Defendant to withdraw his guilty plea and undergo a competency evaluation.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 15, 2009

4

Case 4:08-cr-00178-BCW   Document 68   Filed 10/15/09   Page 4 of 4