IN THE UNITED STATES DISTRICT COURT FOR THE
                  WESTERN DISTRICT OF MISSOURI
                        WESTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,            )
                               )
     v.                         )   Criminal Action No.
                               )   08-00178-01-CR-W-ODS
AVERY L. SNELLING,             )
                               )
          Defendant.            )

                    REPORT AND RECOMMENDATION

     On July 9, 2008, defendant filed a motion for a judicial determination of mental competency. Defendant was found competent on December 16, 2008. On April 6, 2009, defendant's third attorney was appointed. The following month, he entered a guilty plea. On September 21, 2009, defense counsel filed a motion to withdraw on the ground that defendant wanted to file a bar complaint against her. During a hearing on that motion, defense counsel raised concerns about defendant's health care at CCA. On October 13, 2009, a hearing was held with Dr. Linda McCandless, a psychiatrist at CCA, testifying by telephone. She stated that defendant refused to take his medication and over time had deteriorated mentally. I ordered another competency evaluation and recommended that defendant be allowed to withdraw his guilty plea.

     On January 11, 2010, a psychiatric report was filed by John Wisner, M.D., finding defendant not competent (document number 80). On February 25, 2010, the district court entered an order

finding defendant not competent and committing him for treatment.

On November 4, 2010, a psychiatric report was filed by Dr. Stribling Riley, Ph.D., and Dr. Newman, M.D., of the Federal Medical Center in Butner, North Carolina, finding defendant competent (document number 91). A competency hearing was held on December 21, 2010, during which Dr. Stribling Riley testified. Defendant was present, represented by Dana Altieri. The government was represented by Assistant United States Attorney Paul Becker.

Dr. Stribling Riley adopted her report as her direct testimony (Tr. at 3). Ms. Altieri stated that she informed defendant on December 9 that he could send her any questions he wanted to ask the doctor; however, he declined to give her any questions (Tr. at 4). Prior to the hearing, Ms. Altieri asked defendant if he had any questions he wanted her to ask the doctor (Tr. at 4). He said he did not want her to ask any questions but that he had some he wanted to ask himself (Tr. at 4). I informed defendant that only his attorney would be able to ask questions of the witness (Tr. at 4-5). Defendant refused to allow his attorney to ask any questions (Tr. at 5).

The report of Dr. Stribling Riley was admitted into evidence (Tr. at 4).

The statute governing competency to stand trial, 18 U.S.C. § 4241, provides:

> (a) Motion to determine competency of defendant. At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, <u>if there is reasonable cause to believe</u> that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a)(emphasis added). In accordance with this statute, the Eighth Circuit has held that "due process requires that a hearing be held whenever evidence raises a sufficient doubt about the mental competency of an accused to stand trial." <u>Griffin v. Lockhart</u>, 935 F.2d 926, 929 (8th Cir. 1991). "[A] medical opinion on the mental competency of an accused is usually persuasive evidence on the question of whether a sufficient doubt exists." <u>Id</u>. at 930. When psychiatric reports contain evidence that the defendant is competent to proceed, a hearing is not required unless the defendant wishes to present contrary evidence. <u>United States v. Jones</u>, 23 F.3d 1307. 1309 (8th Cir. 1994)("The psychiatric report submitted to the court indicated that [the defendant] was competent to stand trial. Under those circumstances, the trial court had the discretion to hold or to forgo an additional hearing on [the defendant]'s competency.").

Cases decided under a previous version of the competency statute that differed slightly in wording also support this

3

proposition.  See, e.g., United States v. Goodman, 590 F.2d 705, 709 (8th Cir. 979)(holding competency hearing was not required in light of a recent certification of competency and the defendant did not request further independent examination); United States v. Dworshak, 514 F.2d 716, 717 n.2 (8th Cir. 1975)("Because a court-ordered psychiatric report indicated that defendant was competent, defendant had no statutory right under 18 U.S.C. § 4244 to a competency hearing."); United States v. Maret, 433 F.2d 1064, 1067 (8th Cir. 1970)("When the report does not indicate a state of present insanity or mental incompetence, the trial court is not required to take any other action prior to trial."); Krupnick v. United States, 264 F.2d 213, 217 (8th Cir. 1959)("The fact that a situation may be one imposing the duty upon the court to have a psychiatric examination made does not necessarily mean, however, that the court is likewise compelled to hold a hearing and make a finding as to the accused's mental competency.").

Because defendant refused to stipulate that the doctor would testify in accordance with her report, I decided, out of an abundance of caution, to hold a hearing to give defendant the opportunity to question the doctor.  Because defendant declined at the hearing to allow his attorney to ask any questions, the doctor's uncontroverted report is the sum total of evidence on the issue of defendant's current competency to proceed.

Based upon the uncontroverted evidence in this case, I find that the defendant is competent to stand trial and to assist in his defense. Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding defendant competent to stand trial and to assist in his defense.

The parties are reminded that each has ten days to object to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Objections to this Report and Recommendation are due by January 6, 2011.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 27, 2010

5